ANSTEAD, J.
We have for consideration the Amended Final Report on Senior Judges as Mediators (Report) filed by the Supreme Court Committee on Alternative Dispute Resolution Rules and Policy (Committee). The Report contains recommendations and proposed amendments to various rules of procedure and provisions of the Code of Judicial Conduct that the Committee believes are necessary to implement its recommendations. We have jurisdiction. See art. V, § 2(a), Fla. Const. We approve the majority of the Committee’s recommendations and adopt the Committee’s proposed amendments with minor modifications explained below.
BACKGROUND
In In re Code of Judicial Conduct, 643 So.2d 1037 (Fla.1994), this Court adopted a new Code of Judicial Conduct, which in Section B of the provision entitled “Application of the Code of Judicial Conduct” authorizes senior judges to serve as mediators. In authorizing the practice, the Court recognized that there was concern about “the propriety of a senior judge acting as both a mediator and an assigned senior judge.” Id. at 1039. In response to that concern, the Court modified Section B as originally proposed and its commentary “to more fully explain when and under what circumstances a senior judge may be a mediator, id.,”[1] and we further explained that the Court would continue to monitor *146 the application of the new provisions in light of the Court’s concerns. 648 So.2d at 1039.
In November 2004, in response to a request by the Court to evaluate the current practice of senior judges serving as mediators,[2] the Committee[3] filed the report and recommendations under consideration here, together with proposed amendments to various rules of procedure and the Code of Judicial Conduct, which the Committee determined were necessary, to implement its recommendations. The proposed amendments to the Florida Rules of Civil Procedure, the Florida Rules of Judicial Administration, the Florida Rules of Juvenile Procedure, the Florida Rules for Certified and Court-Appointed Mediators, the Florida Family Law Rules of Procedure, and the Code of Judicial Conduct were published for comment. Three comments were received and the Court subsequently conducted oral argument on the Committee’s report and recommendations.
REPORT
Consistent with this Court’s directive, the focus of the Committee’s report concerns the issue of senior judges continuing to serve as mediators and the related issue of whether further requirements and safeguards should be imposed if the practice is to be continued. In reaching its conclusions and developing its recommendations, the Committee reviewed the history of and evaluated the current status of the practice in Florida; it surveyed senior judges identified as mediators and considered the ethical and practical implications of such dual service; and it reviewed a survey of state regulation of retired judges serving as arbitrators and mediators conducted by the National Center for State Courts, which found Florida to be among the clear majority of states that permit retired judges to serve as mediators or arbitrators while on temporary judicial assignment or while eligible for service on the bench. See Nat’l Ctr. for State Courts, Regulation of Retired Judges Serving as Arbitrators and Mediators (1999).[4]
In evaluating the current status of senior judges serving as mediators in Florida, the Committee specifically considered the *147 potential for ethical conflict in a senior judge serving as a mediator and other potential adverse consequences of such dual service. For example, the Committee determined that a senior judge’s service as a mediator could potentially result in various violations of the Code of Judicial Conduct. The Committee cited Canon 1 (judges must uphold the integrity and independence of the judiciary), Canon 2 (judges must avoid the appearance of impropriety), Canon 4 (judges’ quasi-judicial activities must not cast doubt on their impartiality), and Canon 5 (judges must regulate their extrajudicial activities and financial affairs to minimize the risk of conflict with their judicial duties) as possible areas of concern.
However, despite the potential for ethical issues to arise, the Committee reported it found “no published authority relating to complaints against senior judges serving as mediators.” Report at 8. Further, the Committee reported that it found “no evidence that the Code of Judicial Conduct is not working properly in relation to the practice of senior judges serving as mediators.” Id.
As to the Standards of Professional Conduct applicable to mediators, the Committee reported that ethical violations under those standards could also potentially occur when a senior judge serves as a mediator. The standards the Committee identified that could be implicated by this practice are Florida Rules for Certified and Court-Appointed Mediators 10.330(a) and (b) (Impartiality); 10.340(a), (b), and (e) (Conflicts of Interest); 10.360 (Confidentiality); 10.380 (Fees and Expenses); and 10.650 (Concurrent Standards). However, the Committee concluded that while “mediator ethical violations could occur, they are neither unavoidable nor substantial.” Report at 8.
Hence, the Committee concluded that while there was a potential for ethical issues to arise when senior judges serve as mediators, there was no indication that such issues had actually arisen in Florida since this Court permitted the practice or that any substantial ethical problems had been reported.
RECOMMENDATIONS AND PROPOSED AMENDMENTS
The Committee’s first recommendation is that senior judges should continue to be permitted to serve as mediators, subject to certain proposed additional ethical safeguards. The Committee’s Recommendations 1 and 2 address ethical and training requirements for senior judges who serve as mediators and include implementing amendments to various procedural rules and the Code of Judicial Conduct. Recommendation 3 addresses reporting requirements for senior judge-mediators. The Committee’s recommendations, the majority of which we approve, are outlined below, followed by a brief discussion of each recommendation and implementing amendments.
Recommendation 1
There should be no absolute prohibition against a senior judge serving as a mediator provided that ethical recommendations A-D below are adopted in the appropriate rules.
(A) Senior judges who intend to mediate should be required to be certified by the Supreme Court as mediators pursuant to Rule 10.100, Florida Rules for Certified and Court-Appointed Mediators.
(B) If a mediator who is a senior judge has presided over a case involving any party, attorney, or law firm in the mediation, the mediator should be obligated to disclose that fact prior to mediation.
*148 (C) A senior judge should be required to disclose if the judge is being utilized or has been utilized as a mediator by any party, attorney, or law firm involved in the case pending before the senior judge. Absent express consent of all parties, a senior judge should be prohibited from presiding over any case involving any party, attorney, or law firm that is utilizing or has utilized the judge as a mediator within the previous three years.
(D) Any person who is or intends to be both a senior judge and a mediator should be required to attend a minimum of one judicial education course offered by the Florida Court Education Council. The course should specifically focus on the areas where the Code of Judicial Conduct or the Florida Rules for Certified and Court-Appointed Mediators could be violated.
In considering whether service as a senior judge should necessarily preclude a retired judge from conducting mediations, the Committee directly addressed and evaluated the potential appearance of impropriety, which has been a major concern of this Court. However, the Committee reported that it had learned of only one instance in the past ten years of practice in Florida of a specific ethical complaint alleging a violation by a senior judge acting as a mediator. After thoroughly considering and debating the issue, the Committee concluded that service as both a senior judge and a mediator should continue to be permitted but the Court should also adopt the safeguards outlined in Recommendation 1.
The recommended ethical and training requirements urged by the Committee are specially designed to avoid, by means of a calculated and candid education program, any appearance of or potential for impropriety by ensuring that the impartiality of a senior judge who serves as. a mediator is not called into question by any conduct of the senior judge-mediator. The recommended safeguards also address several potential concerns: (1) the self-determination of the parties could be compromised when a senior judge serves as a mediator; (2) the senior judge assignment might inappropriately create an advantage in obtaining mediation business for a senior judge or any mediation group with whom that senior judge associates; (3) the senior judge could be influenced in his or her judicial duties to favor potential mediation clients; and (4) the attorneys at mediation would be more deferential toward the mediator in anticipation of appearing before the mediator subsequently serving in a judicial capacity.
After considering the Committee’s report, reviewing the comments received, and hearing oral argument, we approve Recommendation 1 and each of the safeguards proposed as discussed in more detail below.
Recommendation 1(A)
Senior judges who mediate must be certified mediators pursuant to Rule 10.100, Florida Rules for Certified and Court-Appointed Mediators.
The Committee points out that currently there is no official requirement that a. senior judge who wishes to serve as a mediator also be qualified as a certified mediator under the Florida Rules for Certified and Court-Appointed Mediators. The Committee urges us to impose a certification requirement that would subject senior judge-mediators to the educational and ethical requirements of the Rules for Certified and Court-Appointed Mediators. The Committee concluded that requiring formal certification under the rules would ensure that senior judges who begin medi *149 ating after years on the bench are adequately trained in fundamental principles for doing mediation, as well as ethical issues they will face as mediators, including issues that could arise while serving in their dual roles as judge and mediator. Moreover, a senior judge who is a certified mediator will also be subject to the ethical rules and disciplinary system established for certified mediators. See Fla. R. Med. 10.200-10.900.
Although the Committee notes that significant ethical problems do not currently exist, we agree with the Committee that potential conflicts can be further avoided by requiring senior judges to receive adequate training and education on mediation and by requiring compliance with both judicial and mediator ethical requirements.
In order to implement Recommendation 1(A), we adopt proposed new Canon 5 F(2) of the Code of Judicial Conduct. The new canon requires a senior judge who serves as a mediator to be certified as a mediator pursuant to the Florida Rules for Certified and Court-Appointed Mediators. Consistent with the new canon, we also adopt proposed new Rule for Certified and Court-Appointed Mediators 10.100(e), Senior Judges Serving as Mediators, which provides that a senior judge may serve as a mediator in a court-ordered mediation only if certified by this Court as a mediator for that type of mediation. We also amend Rule of Civil Procedure 1.720(f)(1); Rule of Juvenile Procedure 8.290(e)(2); and Family Law Rule of .Procedure 12.741(b)(6), which currently allow the parties to agree on a non-certified mediator, to clarify that' a senior judge may not serve as a mediator unless certified in accordance with rule 10.100(e).
Recommendation 1(B)
A senior judge-mediator who has presided, as a judge, over a case involving any party, attorney, or law firm in the mediation must disclose that fact prior to mediation.
In its report, the Committee points out that Rules for Certified and Court-Appointed Mediators 10.340(b) and (c) currently place the burden of disclosure of any conflict of interest[5] on the mediator and gives the parties the right to reject the mediator after such disclosure. The Committee determined that although serving as a senior judge in a case involving a party, attorney, or law firm is by definition a conflict requiring disclosure pursuant to rule 10.340(b), such service should not necessarily preclude service as a mediator irrespective of waivers by the parties. The Committee recommends that the parties should be allowed to decide whether they have concerns about the disclosed potential conflict of interest. The Committee also recognized that a senior judge who has served on the bench for many years may be unable to recall every situation requiring disclosure. When a prior appearance is known, there must be disclosure; however, we agree with the Committee that a senior judge-mediator should be allowed to satisfy the disclosure requirement by informing the parties of the possibility that an attorney or party may have appeared before the senior judge-mediator during the mediator’s service as a judge and place the responsibility on the parties and attorneys to disclose any actual or potential conflicts of which they may be aware.
We approve this disclosure requirement and adopt proposed new subdivision (e) of *150 Rule for Certified and Court-Appointed Mediators 10.340, Conflicts of Interest. The new subdivision, entitled “Senior Judge,” requires that a mediator who is a senior judge and has presided over a case involving any party, attorney, or law firm in the mediation disclose such fact prior to mediation. New subdivision (e) also provides that a mediator shall not serve as a mediator in any case in which he or she is currently presiding as a senior judge. Consistent with new subdivision (e), new Canon 5 F(2), discussed below, alerts a senior judge of this prohibition.
Recommendation 1(C)
A senior judge must disclose if the judge is being utilized or has been utilized as a mediator by any party, attorney, or law firm involved in the case pending before the senior judge. Absent express consent of all parties, a senior judge is prohibited from presiding Over any case involving any party, attorney, or law firm that is utilizing or has utilized the judge as a mediator within the previous three years.
The Committee notes that Canon 3E of the Code of Judicial Conduct currently requires disqualification of a judge if any of a number of conflict situations exist. The .Committee recommends that a senior judge be expressly required to disclose if the judge is being or has ever been utilized as a mediator by a party, attorney, or law firm. If such service as a mediator occurred within three years, the Committee recommends the senior judge be prohibited from presiding over the case unless all parties consent to the judge’s involvement in the case. The Committee determined that the recommended three-year time period was reasonable and sufficient because, in most cases, the appearance of impropriety resulting from the fact that the judge previously received compensation as a mediator from a party would dissipate after a reasonable passage of time.
We approve this recommended safeguard and, in order to implement it, we adopt the relevant language in proposed new Canon 5 F(2). The new canon requires disclosure of current or prior mediation service by a senior judge to any party, attorney, or law firm involved in the case pending before the senior judge. The new canon further prohibits a senior judge from adjudicating a case involving parties or attorneys with whom the judge has mediated within the preceding three years, absent consent of the parties. Similar prohibition language has been included in new subdivision (e) of rule 10.340. Language in new Canon 5 F(2) relating to a judge disclosing any negotiations or agreements between the judge and any attorney or party appearing before the judge is carried over from the current Application provision of the Code. Also carried over from the Application provision are the provisions allowing a senior judge to be associated with entities solely engaged in offering mediation services, but at the same time expressly prohibiting the advertising or promotion of the senior judge’s mediation services.
Recommendation 1(D)
Any person who is or intends to be both a senior judge and a mediator should be required to attend a minimum of one judicial education course offered by the Florida Court Education Council. The course should specifically focus on the areas where the Code of Judicial Conduct or the Florida Rules for Certified and Court-Appointed Mediators could be violated.
The Committee determined that the potential ethical problems inherent in dual service as a senior judge and mediator are not currently covered in judicial education ethics programs. Therefore, the Commit *151 tee recommends that a judicial education course for senior judges who intend to serve as mediators be offered annually and a senior judge be required to complete the course prior to beginning service as a mediator. The recommended course would emphasize the practical applicability of the Code of Judicial Conduct and the mediation rules, focusing on how one’s status as a judge may interfere with one’s actions as a mediator, or vice versa. Other subjects relevant to the dual service also would be included. We agree with the Committee’s assessment that this course requirement should not prove overly burdensome on a senior judge-mediator, and we note such a course can also be used to satisfy the four hours of mediator ethics training that all certified mediators are required to complete during each renewal cycle. See In re Rules Governing Certification of Mediators, Fla. Admin. Order No. AOSCOO-8 (April 11, 2000). Therefore, we approve this recommendation and direct the Court Education Council to work with the Committee to develop such a course.
To implement this education requirement, we adopt proposed new subdivision (3) of Rule of Judicial Administration 2.150(b), Education Requirements. The new subdivision, entitled “Mediation Training,” requires that “prior to conducting any mediation, a senior judge shall have completed a minimum of one judicial education course offered by the Florida Court Education Council,” which will “focus on the areas where the Code of Judicial Conduct or the Florida Rules for Certified and Court-Appointed Mediators could be violated.”
Recommendation 2
There should be no limit on the number of mediations performed by a senior judge on active status, and no subject matter or geographic restrictions on me-diations conducted by senior judges.
The Committee reported that it could ascertain no purpose in placing a numerical limit on the cases a senior judge may mediate, given that there is no identifiable relationship between the number of media-tions and the existence of conflicts or other ethical concerns. The Committee determined that the better way to address concerns about potential conflicts is to expressly require disclosure and recusal on a case-by-case basis, as proposed in Recommendation 1. We agree that a limit on the number of cases a senior judge can mediate could arbitrarily and unnecessarily preclude a senior judge from engaging in mediations that' present no ethical problems, and, therefore, we approve the recommendation of the Committee. However, we do not agree with the Committee’s recommendation to eliminate geographic or subject-matter restrictions. The Committee points out that removing the geographic and subject-matter restrictions currently contained in the commentary to Section B of the Application provision of the Code[6] would be consistent with the standard senior judge assignment orders that allow for statewide service rather than service by circuit or district. See In re Report & Recommendations of the Committee on Appointment & Assignment of Senior Judges, 847 So.2d 415, 423 (Fla.2003) (approving the creation of standard *152 assignment orders that allow for statewide service as a senior judge). However, we believe potential conflicts of interest and the appearance of impropriety are more likely to arise when a senior judge presides over the same type of cases in court and in mediation in the same geographic area. This potential is sufficient to warrant continuation of some geographic and subject-matter restrictions. Accordingly, we delete the commentary to Section B of the Application provision of the Code as recommended by the Committee; and we add language similar to the geographic and subject matter restrictions found in that commentary to new Canon 5 F(2) and new rule 10.340(e).[7]
Recommendation 3
The Clerk of the Supreme Court or appropriate entity should collect information from senior judges, in connection with senior judge certification renewal, regarding whether the senior judge has served as a mediator and, if so, in how many cases the judge served as mediator.
We endorse this recommendation which, to some extent, already has been implemented in practice. Consistent with the Committee’s recommendation, a senior judge seeking reassignment to service must indicate in the reassignment to service questionnaire submitted to the Court and forwarded to the appropriate district review board[8] whether the judge has worked as a mediator in the past year and list all cases mediated. The Committee also recommends that the district review boards include the mediation information in the reports submitted to the Chief Justice in accordance with In re Report & Recommendations, 847 So.2d at 419. We note that some of the district review boards already include in their reports general information on this subject, and we now direct all review boards to begin including in their reports the information recommended by the Committee.
CONCLUSION
In approving the majority of the Committee’s recommendations, we express our deep gratitude to the Committee on Alternative Dispute Resolution Rules and Policy for its hard work and dedication in submitting a thorough report that offers innovative recommendations designed to avoid the appearance of impropriety and safeguard against potential ethical violations resulting from dual service as a senior judge and a mediator. The Committee’s work represents a substantial contribution to the improvement of the administration of justice in Florida.
While we believe that it is essential that we go forward with the Committee’s recommended reforms, we caution that ultimately the success of these reforms and of all of our efforts to ensure the integrity of the justice system must be carried out in *153 good faith by individual judges and mediators in order to allay any concerns of ethical impropriety. We are confident that our implementation of the Committee’s recommendations and ongoing monitoring of the effectiveness of the new provisions will allow senior judges to continue to serve effectively and ethically as mediators in a manner that best serves Florida’s justice system and avoids potential conflicts and ethical concerns. Florida is justly proud of its entire justice system, both in the courts and in our innovative efforts at alternative dispute resolution.
Accordingly, we hereby amend the Florida Rules of Civil Procedure, the Florida Rules of Judicial Administration, the Florida Rules of Juvenile Procedure, the Florida Rules for Certified and Court-Appointed Mediators, the Florida Family Law Rules of Procedure, and the Code of Judicial Conduct as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. Consistent with the Committee’s recommendation, the amendments to Rule of Judicial Administration 2.150(b)(3) shall become effective November 3, 2007. The remainder of the amendments shall become effective January 1, 2006, at 12:01 a.m.
It is so ordered.
PARIENTE, C.J., and WELLS, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
Florida Rules of Civil Procedure
Rule 1.720. Mediation Procedures
(a)-(e) [No change]
(f) Appointment of the Mediator.
(1) Within 10 days of the order of referral, the parties may agree upon a stipulation with the court designating:
(A) a certified mediator; or
(B) a mediator, other than a senior judge, who does not meet the certification requirements of these rules is not certified as a mediator but who, in the opinion of the parties and upon review by the presiding judge, is otherwise qualified by training or experience to mediate all or some of the issues in the particular case.
(2)-(3) [No change]
(g) [No change]
Florida Rules of Judicial Administration
Rule 2.030 The Supreme Court
(a) Internal Government.
(l)-(2) [No change]
(3) Administration.
(A)-(C) [No Change]
(D) A “senior judge” is a retired judge who is eligible to serve serving on assignment to temporary judicial duty may be referred to -as a “senior judge.-. This designation is honorary and has no effect on the responsibilities or conduct of.the retired judge.
(4) [No change]
(b)-(g) [No change]
Rule 2.150 Continuing Judicial Education
(a) [No change]
(b) Education Requirements.
(l)-(2) [No Change]
(3) Mediation Training. Prior to conducting any mediation, a senior judge shall have completed a minimum of one judicial education course offered by the Florida Court Education Council. The course *154 shall specifically focus on the areas where the Code of Judicial Conduct or the Florida Rules for Certified and Courb-Appoint-ed Mediators could be violated.
(c)-(e) [No change]
Florida Rules of Juvenile Procedure
Rule 8.290. Dependency Mediation
(a)-(d) [No change]
(e) Appointment of the Mediator.
(1) [No Change]
(2) Party Stipulation. Within 10 days of the filing of the order of referral to mediation, the parties may agree upon a stipulation with the court designating:
(A) another certified dependency mediator to replace the one selected by the judge; or
(B) a mediator, other than a senior judge, who does not meet-the-certification requirements of these rules is not certified as a mediator but who, in the opinion of the parties and upon review by the presiding judge, is otherwise qualified by training or experience to mediate all or some of the issues in the particular case.
(f)-(q) [No change]
Committee Notes
[No change]
Florida Rules for Certified and Court-Appointed Mediators
Rule 10.100 General Qualifications
(a)-(d) [No change]
(e) Senior Judges Serving as Mediators. A senior judge may serve as a mediator in a court-ordered mediation only if certified by the Florida Supreme Court as a mediator for that type of mediation.
(e)(f) Referral for Discipline. If the certification or licensure necessary for any person to be certified as a family or circuit mediator is suspended or revoked, or if the mediator holding such certification or li-censure is in any other manner disciplined, such matter shall be referred to the Mediator Qualifications Board for appropriate action pursuant to rule 10.800.
(fXg) Special Conditions. Mediators who have been duly certified as circuit court or family mediators before July 1, 1990, shall be deemed qualified as circuit court or family mediators pursuant to these rules. Certified family mediators who have mediated a minimum of 4 dependency cases prior to July 1, 1997, shall be granted temporary certification and may continue to mediate dependency matters for no more than 1 year from the time that a training program pursuant to subdivision (d)(1)(B) is certified by the supreme court. Such mediators shall be deemed qualified to apply for certification as dependency mediators upon successful completion of the requirements of subdivision (d)(1)(B) and (d)(5) of this rule.
Rule 10.340 Conflicts of Interest
(a)-(d) [No change]
(e) Senior Judge. If a mediator who is a senior judge has presided over a case involving any party, attorney, or law firm in the mediation, the mediator shall disclose such fact prior to mediation. A mediator shall not serve as a mediator in any case in which the mediator is currently presiding as a senior judge. Absent express consent of the parties, a mediator shall not serve as a senior judge over any case involving any party, attorney, or law firm that is utilizing or has utilized the judge as a mediator within the previous three years. A senior judge who provides mediation services shall not preside over the same type of case the judge mediates *155 in the circuit where the mediation services are provided; however, a senior judge may preside over other types of cases (e.g., criminal, juvenile, family law, probate) in the same circuit and may preside over cases in circuits in which the judge does not provide mediation services.
Family Law Rules of Procedure
Rule 12.741(b)
(a) [No change]
(b) General Procedures.
(l)-(5) [No change]
(6) Appointment of the Mediator.
(A) Within 10 days of the order of referral, the parties may agree upon a stipulation with the court designating:
(i) a certified mediator; or
(ii) a mediator, other than a senior judge, who does not meet the -certification requirements of-these rules is not certified as a mediator but who, in the opinion of the parties and upon review by the presiding judge, is otherwise qualified by training or experience to mediate all or some of the issues in the particular case.
(B)-(C) [No change]
Commentary
[No change]
Code of Judicial Conduct
Canon 5
A Judge Shall Regulate Extrajudicial Activities to Minimize the Risk of Conflict With Judicial Duties
A.-E. [No change]
F. Service as Arbitrator or Mediator.
(1) A judge shall not act as an arbitrator or mediator or otherwise perform judicial functions in a private capacity unless expressly authorized by law or Court rule. A judge may, however, take the necessary educational and training courses required to be a qualified and certified arbitrator or mediator, and may fulfill the requirements of observing and conducting actual arbitration or mediation proceedings as part of the certification process, provided such program does not, in any way, interfere with the performance of the judge’s judicial duties.
(2) A senior judge may serve as a mediator in a case in which the senior judge is not presiding only if the senior judge is certified pursuant to rule 10.100, Florida Rules for Certified and Court-Appointed Mediators. Such senior judge may be associated with entities that are solely engaged in offering mediation or other alternative dispute resolution services but that are not otherwise engaged in the practice of law. However, such senior judge may in no other way advertise, solicit business, associate with a law firm, or participate in any other activity that directly or indirectly promotes his or her mediation services. A senior judge shall not serve as a mediator in any case in which the judge is currently presiding. A senior judge who provides mediation services shall not preside over the same type of case the judge mediates in the circuit where the mediation services are provided; however, a senior judge may preside over other types of cases (e.g., criminal, juvenile, family law, probate) in the same circuit and may preside over cases in circuits in which the judge does not provide mediation services. A senior judge shall disclose if the judge is being utilized or has been utilized as a mediator by any party, attorney, or law firm involved in the case pending before the senior judge. Absent express consent of all parties, a senior judge is prohibited from presiding over any case involving any *156 party, attorney, or law firm that is utilizing or has utilized the judge as a mediator within the previous three years. A senior judge shall disclose any negotiations or agreements for the provision of mediation services between the senior judge and any of the parties or counsel to the case.
G. [No change]
Commentary
Canon 5A. — Canon 5E(3) [No change]
Canon 5F(1). Section 5F(1) does not prohibit a judge from participating in arbitration, mediation or settlement conferences performed as part of judicial duties. An active judge may take the necessary educational and training programs to be certified or qualified as a mediator or arbitrator, but this shall not be a part of the judge’s judicial duties. While such a course will allow a judge to have a better understanding of the arbitration and mediation process, the certification and qualification of a judge as a mediator or arbitrator is primarily for the judge’s personal benefit. While actually participating in the mediation and arbitration training activities, care must be taken in the selection of both cases and locations so as to guarantee that there is no interference or conflict between the training and the judge’s judicial responsibilities. Indeed, the training should be conducted in such a manner as to avoid the involvement of persons likely to appear before the judge in legal proceedings.
Canon 5F(2), The purpose of these admonitions is to ensure that the senior judge’s impartiality is not subject to question. Although a senior judge may act as a mediator or arbitrator, attention must be given to relationships with lawyers and law firms which may require disclosure or disqualification. These provisions are intended to prohibit a senior judge from soliciting lawyers to use his or her mediation services when those lawyers are or may be before the judge in proceedings where the senior judge is acting in a judicial capacity.
Canon 5G. [No change]
Application of the Code of Judicial Conduct
This Code applies to justices of the Supreme Court and judges of the District Courts of Appeal, Circuit Courts, and County Courts.
Anyone, whether or not a lawyer, who performs judicial functions, including but not limited to a magistrate, court commissioner, special master, general master, domestic relations commissioner, child support hearing officer, or judge of compensation claims, shall, while performing judicial functions, conform with Canons 1, 2A, and 3, and such other provisions of this Code that might reasonably be applicable depending on the nature of the judicial function performed.
Any judge responsible for a person who performs a judicial function should require compliance with the applicable provisions of this Code.
If the hiring or appointing authority for persons who perform a judicial function is not a judge then that authority should adopt the applicable provisions of this Code.
A. Traffic Magistrate
[No change]
B. Retired/Senior Judge
(1) A retired judge eligible to serve on assignment to temporary judicial duty, hereinafter referred to as “senior judge,” shall who has retired-feom-judicial-service and who has compMed-with-the-procedures established by the Supreme Court of Florida so-as- to be eligible for reeall-to-judicial- *157 service, should comply with all the provisions of this Code except Sections 5C(2), 5E, 5F(1), and 6A. A senior judge retired judge who is ■ subject to recall.shall not practice law and shall refrain from accepting any assignment in any cause in which the judge’s present financial business dealings, investments, or other extra-judicial activities might be directly or indirectly affected. A retired judge-who is subject to recall may serve as a mediator, may place his or her name-on the mediator-master list maintained by the- chief-j-udge, and maybe associated with entities that are-selei-y engaged in offering mediation or other-alternative dispute resolution services but that are not.otherwise engaged — in—the practice of law. However, such judge may-in no other way advertise^solicit business,' associate with a law firmr or participate in any other activity that directly or indireefly promotes his or her-mediation services. A retired judge assigned -to adjudicate a case shall disclose any negotiations or agreements for the provision of mediation serviees-between the judge and any of the parties or counsel- to-the-ease. — The purpose of these admonitions is to ensure that the senior judge’s impartiality is not subject to question.
(2) If a retired justice or judge does not desire to be assigned to judicial service, such justice or judge who is a member of The Florida Bar may engage in the practice of law and still be entitled to receive retirement compensation. The justice or judge shall then be entitled to all the rights of an attorney-at-law and no longer be subject to this Code.
Commentary
Section A. [No change]
Section B, — Although' a-retired-judge subject to recall may ■act-as-a mediator or arbitrator, attention must be given to-relationships--with-kwyers and law firms which -may-require disclosure or-disqualificat-ion-7 See Canon 5D(l-)= — This provision is intended -to — prohibit a senior judge from sollc-itin-g lawyers to use his- or her-mediation services when--those-lawyers-are or may be- -before-the judge in proceedings where the senior judge- is-aetin-g-in-ar-j-adi-cial capacity- — If a senior judge is rendering-mediation services for compensation-in civil- personal — injury matters, he or--she should not aeceptr-a judicial assignment for that type of case-i-n-the-same court where the-senior judge is-mediatin-g-those cases. Qn-the-other hand,- the senior-judge-eoald be assigned-j-udioial duties in other jurisdictions of that -same court, e.g., criminal, family law, or probate-matters, or be assigned as a senior judge - -in-other — geographic areas in which the-j-udge-does-not conduct-mediation proceedings.

. Section B of the Application provision of the Code of Judicial Conduct currently provides in part:
B. Retired/Senior Judge
... A retired judge who is subject to recall may serve as a mediator, may place his or her name on the mediator master list maintained by the chief judge, and may be associated with entities that are solely engaged in offering mediation or other alternative dispute resolution services but that are not otherwise engaged in the practice of law. However, such judge may in no other way advertise, solicit business, associate with a law firm, or participate in any other activity that directly or indirectly promotes his or her mediation services. A retired judge assigned to adjudicate a case shall disclose any negotiations or agreements for the provision of mediation services between the judge and any of the parties or counsel to the case. The purpose of these admonitions is to ensure that the judge’s impartiality is not subject to question.
The commentary to Section B states:
Although a retired judge subject to recall may act as mediator or arbitrator, attention must be given to relationships with lawyers and law firms which may require disclosure or disqualification. See Canon 5D(1). This provision is intended to prohibit a senior judge from soliciting lawyers to use his or her mediation services when those lawyers are or may be before the judge in proceedings where the senior judge is acting in a judicial capacity. If a senior judge is ren *146 dering mediation services for compensation in civil personal injury matters, he or she should not accept a judicial assignment for that type of case in the same court where the senior judge is mediating those cases. On the other hand, the senior judge could be assigned judicial duties in other jurisdictions of that same court, e.g., criminal, family law, or probate matters, or be assigned as a senior judge in other geographic areas in which the judge does not conduct mediation proceedings.

.The Committee was asked to evaluate how the current provision is working; identify any problems or opportunities for improvement; and offer recommendations regarding monitoring of the practice. In addition, the Committee was asked to specifically address;
1)Whether reporting should be required in order to allow ongoing monitoring of the amount of senior judge time and mediator service performed by an individual.
2) Whether there should be a limit on the number of mediations performed by a senior judge on active status.
3) Whether any additional procedures are required to ensure that senior judges do not use their judicial status to gain mediation business/referrals.
Report at 2.

. This request was originally made to the Committee on Alternative Dispute Resolution Policy. That committee was abolished and its functions and those of its rules committee counterpart were combined into the Committee on Alternative Dispute Resolution Rules and Policy. See In re Committee on Alternative Dispute Resolution Rules and Policy, Fla. Admin. Order No. AOSC03-3284 (July 8, 2003).

. This survey reflects that some thirty-one states permit this dual service.

. A conflict arises under rule 10.340(a) when "any relationship between the mediator and the mediation participants or the subject matter of the dispute compromises or appears to compromise the mediator’s impartiality.”

. The commentary to Section B currently provides in pertinent part:
If a senior judge is rendering mediation services for compensation in civil personal injury matters, he or she should not accept a judicial assignment for that type of case in the same court where the senior judge is mediating those cases. On the other hand, the senior judge could be assigned judicial duties in other jurisdictions of that same court, e.g., criminal, family law, or probate matters, or be assigned as a senior judge in other geographic areas in which the judge does not conduct mediation proceedings.

. With minor modification, we also adopt the Committee’s proposed amendments to Rule of Judicial Administration 2.030(a)(3)(D) and Section B of the Application provision of the Code of Judicial Conduct, which are intended to clarify the distinction between a senior judge and a retired judge. See In re Report & Recommendations, 847 So.2d at 429. The Committee felt the clarification was warranted because a retired judge who is not eligible to serve on assignment to temporary judicial duty is not subject to the requirements for senior judges serving as mediators that we adopt here.

. There is one senior judge review board in each of the five appellate districts. The district review boards submit annual reports to the Chief Justice recommending whether retired judges seeking reassignment to senior judge service are eligible for assignment, using criteria approved by the Court. See In re Report & Recommendations, 847 So.2d at 419-20.