# Supreme Court of Florida

_____

No. SC13-1732

_____

**IN RE: AMENDMENTS TO THE CODE OF JUDICIAL CONDUCT; THE FLORIDA RULES FOR CERTIFIED AND COURT-APPOINTED MEDIATORS; THE FLORIDA RULES OF CIVIL PROCEDURE; THE FLORIDA RULES OF JUDICIAL ADMINISTRATION; THE FLORIDA RULES OF JUVENILE PROCEDURE; AND THE FLORIDA FAMILY LAW RULES OF PROCEDURE—SENIOR JUDGES AS MEDIATORS.**

[June 19, 2014]

PER CURIAM.

The Court, on its own motion, amends the Code of Judicial Conduct; the Florida Rules for Certified and Court-Appointed Mediators; the Florida Rules of Civil Procedure; the Florida Rules of Judicial Administration; the Florida Rules of Juvenile Procedure; and the Florida Family Law Rules of Procedure to add additional safeguards to the provisions of the Code and rules governing senior judges serving as mediators.[1] The additional safeguards are intended to further ensure that service as a senior judge and a mediator does not result in an appearance of or the potential for impropriety.

_____

1. We have jurisdiction. See art. V, § 2(a), Fla. Const.

## BACKGROUND

The Court first authorized senior judges to serve as mediators in 1994, when it adopted a new Code of Judicial Conduct, which in Section B of the application section of the Code authorized the dual service. See In re Code of Judicial Conduct, 643 So. 2d 1037, 1039, 1062 (Fla. 1994). Due to the Court's concerns about the propriety of a senior judge acting as both a mediator and an assigned senior judge, the Court modified proposed Section B and its commentary "to more fully explain when and under what circumstances a senior judge may be a mediator." Id. at 1039. At that time, the Court explained that it would continue to monitor the application of the new provision in light of the ethical concerns about senior judges serving as mediators. Id.

In 2005, the Court amended the Code of Judicial Conduct and the various rules of procedure governing senior judges serving as mediators, in response to recommendations of the Supreme Court Committee on Alternative Dispute Resolution Rules and Policy (ADRR & P Committee). See In re Report of the Alternative Dispute Resolution Rules and Policy Committee on Senior Judges as Mediators, 915 So. 2d 145 (Fla. 2005). Much of Section B of the application section of the Code, including the provisions allowing a senior judge to be associated with a mediation firm but prohibiting a senior judge from advertising or

promoting the judge's mediation services in any other way, was moved to new Canon 5F(2). New Canon 5F(2), the various rule amendments, and the educational requirements for senior judge mediators, adopted by the Court, included a number of additional recommended safeguards designed to avoid any appearance of or potential for impropriety resulting from a senior judge serving as a mediator. Id. at 148-150.

Since adopting the safeguards recommended by the ADRR & P Committee in 2005, the Court has been mindful of the concerns about the propriety of senior judges serving as mediators and has continued to monitor the practice. Recently, because of the Court's ongoing concern about the potential that a senior judge who serves as a paid mediator could be seen[2] as exploiting the judge's judicial position[3] or lending the prestige of judicial office to advance the private interests of the judge or a mediation firm with which the judge may associate,[4] or otherwise running afoul of the Code of Judicial Conduct, the Court began considering whether senior judges should no longer be allowed to serve as mediators. The

2. See Fla. Code of Jud. Conduct, Canon 2 (requiring a judge to avoid impropriety and the appearance of impropriety in all of the judge's activities).

3. See Fla. Code of Jud. Conduct, Canon 5D (providing a judge shall not engage in financial and business dealings that may reasonably be perceived to exploit the judges' judicial position).

4. See Fla. Code of Jud. Conduct, Canon 2B (providing a judge shall not lend the prestige of judicial office to advance the private interests of the judge or others).

Court published for comment amendments to the Code and rules that would have prohibited the dual service.

A number of comments were filed with the Court, the clear majority of which oppose the prohibition.[5] The Judicial Ethics Advisory Committee, the Alternative Dispute Resolution Section of The Florida Bar, and the Florida Bar's Family Law Rules Committee urge that the proposed amendments are unnecessary. The circuit court chief judges, the three conferences of judges, as well as the senior judges, circuit judges, and attorneys who filed comments oppose prohibiting senior judges from serving as mediators. The Trial Court Budget Commission points out the potential adverse impact prohibiting senior judges from serving as mediators may have on trial court budgeting and the Court's foreclosure backlog reduction initiative. See In re Final Report and Recommendations of the Foreclosure Initiative Workgroup, Fla. Admin. Order No. AOSC13-28 (June 21, 2013) (on file with Clerk, Fla. Sup. Ct.).

## AMENDMENTS

After considering the comments filed and the fact that none of those who commented are aware of any instances of abuse resulting from the dual service, we have determined that senior judges should continue to be allowed to serve as

---

5. The Supreme Court Committee on Alternative Dispute Resolution Rules and Policy and the Florida Bar's Civil Procedure Rules Committee filed comments taking no position on the proposals.

mediators.  However, we have also determined that two additional safeguards should be added to the Code and rules governing the practice to further alleviate any concern that serving as a senior judge could be seen as inappropriately creating an advantage in obtaining mediation business for the senior judge or any mediation group with which the senior judge associates.  See In re Report of the Alternative Dispute Resolution Rules and Policy Committee on Senior Judges as Mediators, 915 So. 2d at 148 (recognizing this ethical concern).

The first new safeguard, which we add to the Code and the various rules, prohibits a senior judge from serving as a mediator in any case in a circuit in which the senior judge is presiding as a judge.  The second safeguard, which we add to Canon 5F(2), requires a senior judge to ensure that entities that provide mediation services with which the senior judge associates as a mediator abide by the same prohibitions on advertising or promoting the senior judge's mediation service as are imposed on the senior judge.  Contra Jud. Ethics Advis. Comm. Op. 2011-11 (advising that by authorizing a senior judge to be affiliated with an entity that provides mediation services, current Canon 5F(2) implicitly allows a senior judge to permit such entity to display the judge's name, image, and biographical information in the entity's advertising and on its website).

Accordingly, we amend the Code of Judicial Conduct; the Florida Rules for Certified and Court-Appointed Mediators; the Florida Rules of Civil Procedure;

- 5 -

the Florida Rules of Judicial Administration; the Florida Rules of Juvenile

Procedure; and the Florida Family Law Rules of Procedure as reflected in the

appendix to this opinion. New language is indicated by underscoring and deletions

are indicated by struck-through type. The amendments shall become effective

October 1, 2014, at 12:01 a.m.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA,
and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE
EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – The Code of Judicial Conduct, The Florida Rules for
Certified and Court-Appointed Mediators, The Florida Rules of Civil Procedure,
The Florida Rules of Judicial Administration, The Florida Rules of Juvenile
Procedure, and The Florida Family Law Rules of Procedure

**APPENDIX**

**CODE OF JUDICIAL CONDUCT**

**Canon 5.**     **A Judge Shall Regulate Extrajudicial Activities to Minimize the Risk of Conflict with Judicial Duties**

**A. – E.**     **[No Change]**

**F.**     **Service as Arbitrator or Mediator.**

(1)     A judge shall not act as an arbitrator or mediator or otherwise perform judicial functions in a private capacity unless expressly authorized by law or Court rule. A judge may, however, take the necessary educational and training courses required to be a qualified and certified arbitrator or mediator, and may fulfill the requirements of observing and conducting actual arbitration or mediation proceedings as part of the certification process, provided such program does not, in any way, interfere with the performance of the judge's judicial duties.

(2)     A senior judge may serve as a mediator in a case in a circuit in which the senior judge is not presiding as a judge only if the senior judge is certified pursuant to rule 10.100, Florida Rules for Certified and Court-Appointed Mediators. Such senior judge may be associated with entities that are solely engaged in offering mediation or other alternative dispute resolution services but that are not otherwise engaged in the practice of law. However, such senior judge may ~~in no other way~~not advertise, solicit business, associate with a law firm, or participate in any other activity that directly or indirectly promotes his or her mediation services and shall not permit an entity with which the senior judge associates to do so. A senior judge shall not serve as a mediator in any case in a circuit in which the judge is currently presiding as a senior judge. A senior judge who provides mediation services shall not preside over ~~the same type of case the judge mediates~~any case in the circuit where the mediation services are provided; however, a senior judge ~~may preside over other types of cases (e.g., criminal, juvenile, family law, probate) in the same circuit and~~ may preside over cases in circuits in which the judge does not provide mediation services. A senior judge shall disclose if the judge is being utilized or has been utilized as a mediator by any party, attorney, or law firm involved in the case pending before the senior judge.

- 7 -

Absent express consent of all parties, a senior judge is prohibited from presiding over any case involving any party, attorney, or law firm that is utilizing or has utilized the judge as a mediator within the previous three years. A senior judge shall disclose any negotiations or agreements for the provision of mediation services between the senior judge and any of the parties or counsel to the case.

**G.    [No Change]**

## Commentary

**Canon 5A – Canon 5E(3).    [No Change]**

**Canon 5F(1).**    Canon 5F(1) does not prohibit a judge from participating in arbitration, mediation or settlement conferences performed as part of judicial duties. An active judge may take the necessary educational and training programs to be certified or qualified as a mediator or arbitrator, but this shall not be a part of the judge's judicial duties. While such a course will allow a judge to have a better understanding of the arbitration and mediation process, the certification and qualification of a judge as a mediator or arbitrator is primarily for the judge's personal benefit. While actually participating in the mediation and arbitration training activities, care must be taken in the selection of both cases and locations so as to guarantee that there is no interference or conflict between the training and the judge's judicial responsibilities. Indeed, the training should be conducted in such a manner as to avoid the involvement of persons likely to appear before the judge in legal proceedings.

**Canon 5F(2).**    The purpose of the~~se~~ admonitions in this canon is to ensure that the impartiality of a senior judge~~'s impartiality~~ is not subject to question. Although a senior judge may act as a mediator or arbitrator in a circuit in which the judge is not presiding as a senior judge, attention must be given to relationships with lawyers and law firms which may require disclosure or disqualification. These provisions are intended to prohibit a senior judge from soliciting lawyers to use ~~his or her~~the senior judge's mediation services when those lawyers are or may be before the judge in proceedings where the senior judge is acting in a judicial capacity and to require a senior judge to ensure that entities with which the senior judge associates as a mediator abide by the same prohibitions on advertising or promoting the senior judge's mediation service as are imposed on the senior judge.

**Canon 5G.  [No Change]**

**Application of the Code of Judicial Conduct**

This Code applies to justices of the Supreme Court and judges of the District Courts of Appeal, Circuit Courts, and County Courts.

Anyone, whether or not a lawyer, who performs judicial functions, including but not limited to a civil traffic infraction hearing officer , court commissioner, general or special magistrate , domestic relations commissioner, child support hearing officer, or judge of compensation claims, shall, while performing judicial functions, conform with Canons 1, 2A, and 3, and such other provisions of this Code that might reasonably be applicable depending on the nature of the judicial function performed.

Any judge responsible for a person who performs a judicial function should require compliance with the applicable provisions of this Code.

If the hiring or appointing authority for persons who perform a judicial function is not a judge then that authority should adopt the applicable provisions of this Code.

A.    [No Change]

B. Retired/Senior Judge

(1) A retired judge eligible to serve on assignment to temporary judicial duty, hereinafter referred to as "senior judge," shall comply with all the provisions of this Code except Sections 5C(2), 5E, 5F(1), and 6A. A senior judge shall not practice law or serve as a mediator in a circuit in which the judge is presiding as a senior judge, and shall refrain from accepting any assignment in any cause in which the judge's present financial business dealings, investments, or other extra-judicial activities might be directly or indirectly affected.

(2) If a retired justice or judge does not desire to be assigned to judicial service, such justice or judge who is a member of The Florida Bar may engage in the practice of law and still be entitled to receive retirement compensation. The justice or judge shall then be entitled to all the rights of an attorney-at-law and no longer be subject to this Code.

# FLORIDA RULES FOR CERTIFIED AND COURT-APPOINTED MEDIATORS

**RULE 10.100.     CERTIFICATION REQUIREMENTS**

  **(a) – (f)     [No Change]**

  **(g)   Senior Judges Serving As Mediators.**   A senior judge may serve as a mediator in a court-ordered mediation in a circuit in which the senior judge is not presiding as a judge only if certified by the Florida Supreme Court as a mediator for that type of mediation.

  **(h) – (i)     [No Change]**


**RULE 10.340.     CONFLICTS OF INTEREST**

  **(a) – (d)     [No Change]**

  **(e)   Senior and Retired Judges.**    If a mediator who is a senior judge or retired judge not eligible for assignment to temporary judicial duty has presided over a case involving any party, attorney, or law firm in the mediation, the mediator shall disclose such fact prior to mediation. A mediator shall not serve as a mediator in any case in a circuit in which the mediator is currently presiding as a senior judge. Absent express consent of the parties, a mediator shall not serve as a senior judge over any case involving any party, attorney, or law firm that is utilizing or has utilized the judge as a mediator within the previous three years. A senior judge who provides mediation services shall not preside over the same type of case the judge mediatesany case in the circuit where the mediation services are provided; however, a senior judge may preside over other types of cases (e.g., criminal, juvenile, family law, probate) in the same circuit and may preside over cases in circuits in which the judge does not provide mediation services.

**Committee Notes**

**[No Change]**


**FLORIDA RULES OF CIVIL PROCEDURE**

- 10 -

**RULE 1.720.        MEDIATION PROCEDURES**

**(a) – (i)        [No Change]**

**(j)    Appointment of the Mediator.**

(1)    Within 10 days of the order of referral, the parties may agree upon a stipulation with the court designating:

(A)    a certified mediator, <u>other than a senior judge presiding as a judge in that circuit</u>; or

(B)    a mediator, other than a senior judge, who is not certified as a mediator but who, in the opinion of the parties and upon review by the presiding judge, is otherwise qualified by training or experience to mediate all or some of the issues in the particular case.

(2) – (3)    [No Change]

**(k)    [No Change]**

**Committee Notes**

[No Change]

**FLORIDA RULES OF JUVENILE PROCEDURE**

**RULE 8.290.        DEPENDENCY MEDIATION**

**(a) – (d)    [No Change]**

**(e)    Appointment of the Mediator.**

(1)    [No Change]

(2)    Party Stipulation. Within 10 days of the filing of the order of referral to mediation, the parties may agree upon a stipulation with the court designating:

- 11 -

(A)	another certified dependency mediator, <u>other than a senior judge presiding as a judge in that circuit,</u> to replace the one selected by the judge; or

(B)	a mediator, other than a senior judge, who is not certified as a mediator but who, in the opinion of the parties and upon review by the presiding judge, is otherwise qualified by training or experience to mediate all or some of the issues in the particular case.

**(f) – (q)	[No Change]**

## FLORIDA FAMILY LAW RULES OF PROCEDURE

## RULE 12.741.	MEDIATION RULES

**(a)**	[No Change]

**(b)	General Procedures.**

(1) – (5)

**(6)	Appointment of the Mediator.**

(A) Within 10 days of the order of referral, the parties may agree upon a stipulation with the court designating:

(i) a certified mediator, <u>other than a senior judge presiding as a judge in that circuit</u>; or

(ii) a mediator, other than a senior judge, who is not certified as a mediator but who, in the opinion of the parties and upon review by the presiding judge, is otherwise qualified by training or experience to mediate all or some of the issues in the particular case.

(B) – (C)	[No Change]

## COMMENTARY

**[No Change]**