# Supreme Court of Florida

_____

No. SC16-63

_____

**IN RE: AMENDMENTS TO THE CODE OF JUDICIAL CONDUCT—
SENIOR JUDGES SERVING AS VOLUNTARY TRIAL RESOLUTION
JUDGES AND ARBITRATORS.**

[July 7, 2016]

PER CURIAM.

The Court, on its own motion, amends the Code of Judicial Conduct (Code) to prohibit a senior judge from serving as a voluntary trial resolution judge in any case in a circuit in which the senior judge is presiding as a judge.[1]  As recommended by the Executive Council of the Alternative Dispute Resolution Section of The Florida Bar (ADR Section), we further amend the Code to impose a similar prohibition on a senior judge who serves as an arbitrator.  These same-circuit dual-service prohibitions are similar to the prohibition the Court recently imposed on senior judges providing mediator services.[2]  Like that prohibition,

_____

1. We have jurisdiction.  See art. V, § 2(a), Fla. Const.

2. See In re Amends. to Code of Jud. Conduct; Fla. Rules for Certified & Court-Appointed Mediators; Fla Rules of Civ. Pro.; Fla. Rules of Jud. Admin.; Fla.

these prohibitions are intended to ensure that, when a senior judge also provides these types of dispute-resolution services, the dual service does not result in an appearance of or the potential for impropriety.

## BACKGROUND

In In re Senior Judges as Mediators, 141 So. 3d 1172 (Fla. 2014), the Court amended the Code and the various rules of procedure governing senior judges serving as mediators to prohibit a senior judge from serving as a mediator in any case in a circuit in which the senior judge is presiding as a judge. The Court adopted the prohibition because of ethical concerns about the propriety of such dual service. Prohibiting same-circuit dual service as a senior judge and a mediator was intended to "further alleviate any concern that [a mediator also] serving as a senior judge could be seen as inappropriately creating an advantage in obtaining mediation business for the senior judge or any mediation group with which the senior judge associates." Id. at 1174 (citing In re Report of Alternative Dispute Resolution Rules & Policy Comm. on Senior Judges as Mediators, 915 So. 2d 145, 148 (Fla. 2005) (recognizing the ethical concern)). There was an

> ongoing concern about the potential that a senior judge who serves as a paid mediator could be seen[n.2] as exploiting the judge's judicial position[n.3] or lending the prestige of judicial office to advance the private interests of the judge or a mediation firm with which the judge

Rules of Juv. Pro.; & Fla. Fam. Law Rules of Pro.—Senior Judges as Mediators, 141 So. 3d 1172 (Fla. 2014).

- 2 -

may associate,[n.4] or otherwise running afoul of the Code of Judicial Conduct.

> [N.2]  See Fla. Code of Jud. Conduct, Canon 2 (requiring a judge to avoid impropriety and the appearance of impropriety in all of the judge's activities).
>
> [N.3]  See Fla. Code of Jud. Conduct, Canon 5D (providing a judge shall not engage in financial and business dealings that may reasonably be perceived to exploit the judge's judicial position).
>
> [N.4]  See Fla. Code of Jud. Conduct, Canon 2B (providing a judge shall not lend the prestige of judicial office to advance the private interests of the judge or others).

Id. at 1173.

Prohibiting such dual service in the same circuit was one of the new safeguards the Court adopted for senior judges who also serve as mediators. Id. Another new safeguard was requiring a senior judge to ensure that entities that provide mediation services with which the senior judge associates abide by the same prohibitions on advertising or promoting the senior judge's mediation service as were already imposed on the senior judge. Id.

Because the Court had similar ethical concerns about senior judges serving as voluntary trial resolution judges, the Court published for comment proposed amendments to the Code that would prohibit same-circuit dual service as a senior judge and a voluntary trial resolution judge. Three comments were filed.

- 3 -

In its comment, the Judicial Ethics Advisory Committee takes no position on the published amendments. The Supreme Court's Alternative Dispute Resolution Rules and Policy Committee supports the amendments. The ADR Section also endorses the amendments to the Code, but suggests a number of additional amendments to address senior judges who serve as arbitrators and to prohibit the promotion of a senior judge's voluntary trial resolution and arbitration services.

**AMENDMENTS**

After considering the comments filed, we amend Canon 5F(2) of the Code to prohibit a senior judge from serving as a voluntary trial resolution judge or an arbitrator in any case in a circuit in which the judge is presiding as a senior judge. We agree with the ADR Section that the same ethical concerns that warranted prohibiting same-circuit dual service as a senior judge and a mediator and now warrants extending that prohibition to a senior judge who serves as a voluntary trial resolution judge, also warrants extending same-circuit dual-service prohibition to a senior judge who serves as an arbitrator. We also agree with the ADR Section that, like a senior judge who provides mediation services, a senior judge who offers voluntary trial resolution or arbitration services should be expressly prohibited from directly or indirectly promoting those services and from permitting an entity with which the senior judge associates to do so.

Accordingly, we amend Canon 5F(2) and its commentary, as well as section B of the application section of the Code of Judicial Conduct as reflected in the appendix to this opinion. New language is indicated by underscoring, and deletions are indicated by struck-through type. The amendments shall become effective October 1, 2016, at 12:01 a.m.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – The Code of Judicial Conduct

Judge Barbara Lagoa, Chair, Judicial Ethics Advisory Committee, Third District Court of Appeal, Miami, Florida; Judge Rodney Smith, Chair, Committee on Alternative Dispute Resolution Rules and Policy, Eleventh Judicial Circuit, Dade County Courthouse, Miami, Florida; David Robert Hoyle, Chair, Alternative Dispute Resolution Section, D. Robert Hoyle, P.A., Bradenton, Florida; and Susan Carolyn Marvin and James Calvin Goodlett, Office of the State Courts Administrator, Tallahassee, Florida,

    Responding with Comments

# APPENDIX

**Canon 5.** **A Judge Shall Regulate Extrajudicial Activities to Minimize the Risk of Conflict with Judicial Duties**

**A. – E.** **[No Change]**

**F.** **Service as Arbitrator or Mediator.**

(1) [No Change]

(2) A senior judge may serve as a mediator in a case in a circuit in which the senior judge is not presiding as a judge only if the senior judge is certified pursuant to rule 10.100, Florida Rules for Certified and Court-Appointed Mediators. Such senior judge may be associated with entities that are solely engaged in offering mediation or other alternative dispute resolution services but that are not otherwise engaged in the practice of law. However, such senior judge may not advertise, solicit business, associate with a law firm, or participate in any other activity that directly or indirectly promotes his or her mediation, arbitration, or voluntary trial resolution services and shall not permit an entity with which the senior judge associates to do so. A senior judge shall not serve as a mediator, arbitrator, or voluntary trial resolution judge in any case in a circuit in which the judge is currently presiding as a senior judge. A senior judge who provides mediation, arbitration, or voluntary trial resolution services shall not preside over any case in the circuit where ~~the mediation~~such services are provided; however, a senior judge may preside over cases in circuits in which the judge does not provide ~~mediation~~such dispute-resolution services. A senior judge shall disclose if the judge is being utilized or has been utilized as a mediator, arbitrator, or voluntary trial resolution judge by any party, attorney, or law firm involved in the case pending before the senior judge. Absent express consent of all parties, a senior judge is prohibited from presiding over any case involving any party, attorney, or law firm that is utilizing or has utilized the judge as a mediator, arbitrator, or voluntary trial resolution judge within the previous three years. A senior judge shall disclose any negotiations or agreements for the provision of ~~mediation~~ services as a mediator, arbitrator, or voluntary trial resolution judge between the senior judge and any ~~of the~~ parties or counsel to the case.

**G.** **Practice of Law.** **[No Change]**

## COMMENTARY

**Canon 5A – Canon 5F(1).** **[No Change]**

**Canon 5F(2).**       The purpose of the admonitions in this canon is to ensure that the impartiality of a senior judge is not subject to question. Although a senior judge may act as a mediator, ~~or~~ arbitrator, or voluntary trial resolution judge in a circuit in which the judge is not presiding as a senior judge, attention must be given to relationships with lawyers and law firms which may require disclosure or disqualification. These provisions are intended to prohibit a senior judge from soliciting lawyers to use the senior judge's mediation services when those lawyers are or may be before the judge in proceedings where the senior judge is acting in a judicial capacity and to require a senior judge to ensure that entities with which the senior judge associates as a mediator abide by the same prohibitions on advertising or promoting the senior judge's mediation service as are imposed on the senior judge.

**Canon 5G.**  [No Change]

## Application of the Code of Judicial Conduct

This Code applies to justices of the Supreme Court and judges of the District Courts of Appeal, Circuit Courts, and County Courts.

Anyone, whether or not a lawyer, who performs judicial functions, including but not limited to a civil traffic infraction hearing officer, court commissioner, general or special magistrate, domestic relations commissioner, child support hearing officer, or judge of compensation claims, shall, while performing judicial functions, conform with Canons 1, 2A, and 3, and such other provisions of this Code that might reasonably be applicable depending on the nature of the judicial function performed.

Any judge responsible for a person who performs a judicial function should require compliance with the applicable provisions of this Code.

If the hiring or appointing authority for persons who perform a judicial function is not a judge then that authority should adopt the applicable provisions of this Code.

A. [No Change]

B. Retired/Senior Judge

(1)     A retired judge eligible to serve on assignment to temporary judicial duty, hereinafter referred to as "senior judge," shall comply with all the provisions of this Code except Sections 5C(2), 5E, 5F(1), and 6A. A senior judge shall not practice law or serve as a mediator, arbitrator, or voluntary trial resolution judge in a circuit in which the judge is presiding as a senior judge, and shall refrain from accepting any assignment in any cause in which the judge's present financial business dealings, investments, or other extra-judicial activities might be directly or indirectly affected.

(2)     [No Change]

## COMMENTARY

[No Change]