# Supreme Court of Florida

_____

No. SC21-737

_____

**IN RE:  AMENDMENTS TO THE CODE OF JUDICIAL CONDUCT; THE FLORIDA RULES FOR CERTIFIED AND COURT-APPOINTED MEDIATORS; THE FLORIDA RULES OF CIVIL PROCEDURE; THE FLORIDA RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION; THE FLORIDA RULES OF JUVENILE PROCEDURE; AND THE FLORIDA FAMILY LAW RULES OF PROCEDURE—SENIOR JUDGES SERVING AS MEDIATORS, ARBITRATORS, OR VOLUNTARY TRIAL RESOLUTION JUDGES.**

May 21, 2021

PER CURIAM.

The Court, on its own motion, amends the Code of Judicial Conduct; the Florida Rules for Certified and Court-Appointed Mediators; the Florida Rules of Civil Procedure; the Florida Rules of General Practice and Judicial Administration; the Florida Rules of Juvenile Procedure; and the Florida Family Law Rules of Procedure to authorize a senior judge to preside over criminal cases as a senior judge in circuits in which the senior judge provides

mediation, arbitration, or voluntary trial resolution services.[1]  These amendments are intended to maintain judicial workflow to the maximum extent feasible, while ensuring that, when a senior judge also provides dispute-resolution services, the dual service does not result in the appearance of or the potential for impropriety.

**BACKGROUND**

In 1994, the Court authorized senior judges to serve as mediators and indicated when and under what circumstances senior judges may do so.  *In re Code of Judicial Conduct*, 643 So. 2d 1037, 1039, 1062 (Fla. 1994).  The Court at the same time explained that it would monitor the application of the new provision given ethical issues that might arise due to the dual service.  *Id.* at 1039.

In 2005, the Court adopted safeguards to avoid potential conflicts and the appearance of or the potential for impropriety when senior judges also provide mediation services.  *In re Report of the Alternative Dispute Resolution Rules & Policy Committee*, 915 So.

---

1. We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; Fla. R. Gen. Prac. & Jud. Admin. 2.140(d).

2d 145, 147 (Fla. 2005). Then in 2014, the Court amended the Code of Judicial Conduct and various rules of procedure governing senior judges as mediators to provide additional safeguards, including the prohibition of a senior judge from serving as a mediator in any case in a circuit in which the senior judge is presiding as a judge. *In re Amendments to Code of Judicial Conduct*, 141 So. 3d 1172, 1174 (Fla. 2014). In 2016, the Court amended the Code of Judicial Conduct to impose a similar prohibition on senior judges who serve as arbitrators or voluntary trial resolution judges. *In re Amendments to Code of Judicial Conduct*, 194 So. 3d 1015, 1015 (Fla. 2016).

Since adopting these ethical safeguards for dual service, the Court has continued to monitor their application and has remained mindful of the concerns regarding the propriety of senior judges providing mediation, arbitration, or voluntary trial resolution services.

## AMENDMENTS

We have determined that a senior judge should be allowed to preside over criminal cases as a senior judge in circuits in which

the senior judge provides mediation, arbitration, or voluntary trial resolution services. Adding this authorization to the Code of Judicial Conduct and the rules governing the practice will assist in maintaining judicial workflow and in mitigating the effects of the COVID-19 pandemic upon the judicial branch and its participants. It will also ensure that, when a senior judge provides dispute-resolution services, the dual service does not result in the appearance of or the potential for impropriety. A senior judge will not preside over civil cases in a circuit where the senior judge provides dispute-resolution services. And the other safeguards in the Code and rules for dual service will remain in place.

Accordingly, we amend the Code of Judicial Conduct; the Florida Rules for Certified and Court-Appointed Mediators; the Florida Rules of Civil Procedure; the Florida Rules of General Practice and Judicial Administration; the Florida Rules of Juvenile Procedure; and the Florida Family Law Rules of Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring, and deletions are indicated by struck-through type. The amendments shall become effective immediately upon the

issuance of this opinion. Because the amendments were not published for comment previously, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[2]

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Code of Judicial Conduct, Florida Rules for Certified and Court-Appointed Mediators, Florida Rules of Civil

---

2. All comments must be filed with the Court on or before August 4, 2021, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

Procedure, Florida Rules of General Practice and Judicial Administration, Florida Rules of Juvenile Procedure, and Florida Family Law Rules of Procedure

# APPENDIX

## CODE OF JUDICIAL CONDUCT

**Canon 5. A Judge Shall Regulate Extrajudicial Activities to Minimize the Risk of Conflict With Judicial Duties**

    **A. - E. [No Change]**

    **F. Service as Arbitrator or Mediator.**

        (1) [No Change]

        (2) A senior judge may serve as a mediator in a case in a circuit in which the senior judge is presiding over criminal cases or in a circuit in which the senior judge is not presiding as a judge, or in both, only if the senior judge is certified pursuant to rule 10.100, Florida Rules for Certified and Court-Appointed Mediators. Such senior judge may be associated with entities that are solely engaged in offering mediation or other alternative dispute resolution services but that are not otherwise engaged in the practice of law. However, such senior judge may not advertise, solicit business, associate with a law firm, or participate in any other activity that directly or indirectly promotes his or her mediation, arbitration, or voluntary trial resolution services and shall not permit an entity with which the senior judge associates to do so. A senior judge shall not serve as a mediator, arbitrator, or voluntary trial resolution judge in any case in a circuit in which the judge is currently presiding over civil cases as a senior judge. A senior judge who provides mediation, arbitration, or voluntary trial resolution services shall not preside over any case in the circuit where such services are provided; however, a senior judge may preside over criminal cases in circuits in which the judge does not provides such dispute-resolution services. A senior judge who provides mediation, arbitration, or voluntary trial resolution services may also preside over civil and criminal cases in circuits in which the judge does not provide such dispute-resolution services. A senior judge shall disclose if the judge

- 7 -

is being utilized or has been utilized as a mediator, arbitrator, or voluntary trial resolution judge by any party, attorney, or law firm involved in the case pending before the senior judge. Absent express consent of all parties, a senior judge is prohibited from presiding over any case involving any party, attorney, or law firm that is utilizing or has utilized the judge as a mediator, arbitrator, or voluntary trial resolution judge within the previous three years. A senior judge shall disclose any negotiations or agreements for the provision of services as a mediator, arbitrator, or voluntary trial resolution judge between the senior judge and any parties or counsel to the case.

**G. [No Change]**

**Commentary**

**Canon 5A - Canon 5F(1). [No Change]**

**Canon 5F(2).** The purpose of the admonitions in this canon is to ensure that the impartiality of a senior judge is not subject to question. Although a senior judge may act as a mediator, arbitrator, or voluntary trial resolution judge in a circuit in which the judge is presiding over criminal cases or in a circuit in which the judge is not presiding as a senior judge, or in both, attention must be given to relationships with lawyers and law firms which may require disclosure or disqualification. These provisions are intended to prohibit a senior judge from soliciting lawyers to use the senior judge's mediation services when those lawyers are or may be before the judge in proceedings where the senior judge is acting in a judicial capacity and to require a senior judge to ensure that entities with which the senior judge associates as a mediator abide by the same prohibitions on advertising or promoting the senior judge's mediation service as are imposed on the senior judge.

**Canon 5G. [No Change]**

**Application of the Code of Judicial Conduct**

This Code applies to justices of the Supreme Court and judges of the District Courts of Appeal, Circuit Courts, and County Courts.

Anyone, whether or not a lawyer, who performs judicial functions, including but not limited to a civil traffic infraction hearing officer, court commissioner, general or special magistrate, domestic relations commissioner, child support hearing officer, or judge of compensation claims, shall, while performing judicial functions, conform with Canons 1, 2A, and 3, and such other provisions of this Code that might reasonably be applicable depending on the nature of the judicial function performed.

Any judge responsible for a person who performs a judicial function should require compliance with the applicable provisions of this Code.

If the hiring or appointing authority for persons who perform a judicial function is not a judge then that authority should adopt the applicable provisions of this Code.

**A. [No Change]**

**B. Retired/Senior Judge**

(1) A retired judge eligible to serve on assignment to temporary judicial duty, hereinafter referred to as "senior judge," shall comply with all the provisions of this Code except Sections 5C(2), 5E, 5F(1), and 6A. A senior judge shall not practice law or serve as a mediator, arbitrator, or voluntary trial resolution judge in a circuit in which the judge is presiding over civil cases as a senior judge, and shall refrain from accepting any assignment in any cause in which the judge's present financial business dealings, investments, or other extra-judicial activities might be directly or indirectly affected.

(2) If a retired justice or judge does not desire to be assigned to judicial service, such justice or judge who is a member of The Florida Bar may engage in the practice of law and still be

entitled to receive retirement compensation. The justice or judge shall then be entitled to all the rights of an attorney-at-law and no longer be subject to this Code.

## Commentary

[No Change]

## FLORIDA RULES FOR CERTIFIED AND COURT-APPOINTED MEDIATORS

### RULE 10.100.  CERTIFICATION REQUIREMENTS

**(a) - (f) [No Change]**

**(g) Senior Judges Serving As Mediators.** A senior judge may serve as a mediator in a court-ordered mediation in a circuit in which the senior judge is presiding over criminal cases or in a circuit in which the senior judge is not presiding as a judge, or in both, only if certified by the Florida Supreme Court as a mediator for that type of mediation.

**(h) - (i) [No Change]**

### RULE 10.340.  CONFLICTS OF INTEREST

**(a) - (d) [No Change]**

**(e) Senior and Retired Judges.** If a mediator who is a senior judge or retired judge not eligible for assignment to temporary judicial duty has presided over a case involving any party, attorney, or law firm in the mediation, the mediator shall disclose such fact prior to mediation. A mediator shall not serve as a mediator in any case in a circuit in which the mediator is currently presiding over civil cases as a senior judge. Absent express consent of the parties, a mediator shall not serve as a senior judge over any case involving any party, attorney, or law firm that is utilizing or has utilized the

judge as a mediator within the previous three years. A senior judge who provides mediation services ~~shall not preside over any case in the circuit where the mediation services are provided; however, a senior judge~~ may preside over_criminal cases in circuits in which the judge ~~does not~~ provides mediation services.  A senior judge who provides mediation services may also preside over civil and criminal cases in circuits in which the judge does not provide mediation services.

**Committee Notes**

**[No Change]**

**FLORIDA RULES OF CIVIL PROCEDURE**

**RULE 1.720.    MEDIATION PROCEDURES**

**(a) - (i) [No Change]**

**(j) Appointment of the Mediator.**

(1) Within 10 days of the order of referral, the parties may agree upon a stipulation with the court designating:

(A) a certified mediator, other than a senior judge presiding over civil cases as a judge in that circuit; or

(B) a mediator, other than a senior judge, who is not certified as a mediator but who, in the opinion of the parties and upon review by the presiding judge, is otherwise qualified by training or experience to mediate all or some of the issues in the particular case.

(2) - (3) [No Change]

**(k) [No Change]**

- 11 -

## Committee Notes

## [No Change]

## FLORIDA RULES OF JUVENILE PROCEDURE

## RULE 8.290. DEPENDENCY MEDIATION

**(a) - (d) [No Change]**

**(e) Appointment of the Mediator.**

(1) [No Change]

(2) Party Stipulation. Within 10 days of the filing of the order of referral to mediation, the parties may agree upon a stipulation with the court designating:

(A) another certified dependency mediator, other than a senior judge presiding over civil cases as a judge in that circuit, to replace the one selected by the judge; or

(B) a mediator, other than a senior judge, who is not certified as a mediator but who, in the opinion of the parties and upon review by the presiding judge, is otherwise qualified by training or experience to mediate all or some of the issues in the particular case.

**(f) - (q) [No Change]**

## Committee Notes

## [No Change]

## FLORIDA FAMILY LAW RULES OF PROCEDURE

**RULE 12.741. MEDIATION RULES**

**(a) [No Change]**

**(b) General Procedures.**

(1) - (5) [No Change]

(6) Appointment of the Mediator.

(A) Within 10 days of the order of referral, the parties may agree upon a stipulation with the court designating:

(i) a certified mediator, other than a senior judge presiding over civil cases as a judge in that circuit; or

(ii) a mediator, other than a senior judge, who is not certified as a mediator but who, in the opinion of the parties and upon review by the presiding judge, is otherwise qualified by training or experience to mediate all or some of the issues in the particular case.

(B) - (C) [No Change]

**Commentary**

**[No Change]**

- 13 -